```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**STRIKE 3 HOLDINGS, LLC,**

                     **Plaintiff,**          25-CV-01287 (LAK)(SN)

    -against-                          **ORDER**

**JOHN DOE subscriber assigned IP
address 72.89.26.149,**

                     **Defendant.**

-----------------------------------------------------------------X
**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff Strike 3 Holdings, LLC alleges that defendant John Doe ("Defendant"), identified only by an alleged Internet Protocol ("IP") address, distributed Plaintiff's copyrighted adult movies in violation of the Copyright Act, 17 U.S.C. § 101, et seq. ECF No. 1. Plaintiff moves for leave to file a third-party subpoena on Defendant's internet service provider ("ISP"), Verizon Online LLC (hereinafter, "Version Fios"), pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. ECF Nos. 7-8. Through the subpoena, Plaintiff seeks to identify John Doe's name and address.

       Many judges in this District have already addressed the issues raised in Plaintiff's Motion and granted these applications. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 22-cv-03846 (LAK)(JLC), 2022 WL 1617085 (S.D.N.Y. May 23, 2022); Strike 3 Holdings, LLC v. Doe, No. 20-cv-7919 (LTS)(JLC), 2020 WL 6374645 (S.D.N.Y. Oct. 30, 2020); Malibu Media, LLC v. John Doe, No. 16-cv-02462 (AJN), 2016 WL 2894919 (S.D.N.Y. Oct. 8, 2015); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). This Court similarly concludes that there is good cause to allow expedited discovery in this case.

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." In these circumstances, courts apply a "flexible standard of reasonableness and good cause." Digital Sin, 279 F.R.D. at 241 (quotation omitted). The principal factors courts consider include: "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, (2) [the] specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) [the] need for the subpoenaed information to advance the claim, and (5) the [objecting] party's expectation of privacy." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citation omitted).

All of these factors weigh in favor of granting Strike 3's motion. First, Plaintiff has made a *prima facie* showing of infringement, adequately describing its original copyrighted works and providing a detailed analysis of how Defendant copied those works. Compl. ¶¶ 13-48; See also Urbont v. Sony Music Entertainment, 831 F.3d 80, 88 (2d Cir. 2016) ("To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.")  Secondly, Strike 3 has limited the scope of discovery to the name and address of Defendant, which is a "limited and highly specific set of facts." Strike 3 Holdings, LLC v. Doe, No. 18-cv-5586 (LAK)(KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018). Further, without expedited discovery, Plaintiff will not be able to ascertain the identity of Defendant or to effect service on Defendant. "Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers." Digital Sin, Inc, 279 F.R.D. at 241. Finally, "ISP subscribers have a minimal

expectation of privacy in the sharing of copyrighted material." <u>Malibu Media, LLC v. John Does 1-11</u>, No. 12-cv-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).

For the foregoing reasons, Plaintiff's motion is granted. "Consistent with the practice in this District, the Court will also issue a protective order in connection with the subpoena, 'in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense.'" <u>Strike 3 Holdings</u>, 2020 WL 6374645, at *1 (quoting Rule 26(c)(1)). Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff may not initiate settlement discussions before service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and settle the case.

2) Strike 3 may serve a Rule 45 subpoena immediately on Verizon Fios, the ISP identified in its motion, to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 72.89.26.149. Strike 3 shall not request any additional information, including, but not limited to, email address or telephone number. Strike 3 shall include a copy of this Order with the subpoena along with the attached "Notice to Defendant."

3) Verizon Fios will have 60 days from the date of service of the subpoena to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Verizon Fios may serve Defendant using any reasonable means, including written notice sent to the Defendant's last known address, transmitted either by first-class mail or via overnight service.

4) Defendant shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If Defendant decides to contest the subpoena, Defendant shall at the same time notify Verizon Fios so that it is on notice not to release any of Defendant's contact information to Strike 3 until the Court rules on any such motion.

5) Verizon Fios shall not turn over Defendant's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later. Verizon Fios shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely.

6) If neither Defendant nor Verizon Fios contests the subpoena within the 60-day period, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Strike 3.

7) Any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to GRANT the motion at ECF No. 7.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 3, 2025
         New York, New York

4

**NOTICE TO DEFENDANT**

1. You are a defendant in <u>Strike 3 Holdings, LLC. v. John Doe</u>, 25-cv-01287 (LAK)(SN), a case now pending before the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, and the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Netburn's Order, dated March 3, 2025, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed pro se (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed pro se, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York. The Pro Se Office is located in Room 220 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed pro se, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed pro se, your letter should be mailed to the Pro Se Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.